UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. TRIBBLE,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKZI, Commissioner of Social Security<br><br>    Defendant. | Case No.  2:20-cv-02263-JDP (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 12 & 16 |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 12 & 16. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's is denied, and this matter is remanded for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards were applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a

1

conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed an application for DIB, alleging disability beginning August 8, 2016. Administrative Record ("AR") 176-77. After his application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ. AR 40-96, 120-24, 126-30. On February 12, 2020, the ALJ issued a decision finding that plaintiff was not disabled. AR 15-21. Specifically, the ALJ found that:

1. The claimant meets the insured status requirement of the Social Security Act through December 31, 2021.

2. The claimant has not engaged in substantial gainful activity since August 8, 2016, the alleged onset date.

    3.  The claimant has the following severe impairments: lumbar degenerative disc disease and right hip degenerative joint disease, status post total hip total hip replacement.

    * * *

    4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    * * *

    5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a). He is limited to occasional performance of postural activities.

    * * *

    6.  The claimant is capable of performing past relevant work as a purchasing manager, (DOT 162.167-022). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

    * * *

    7.  The claimant has not been under a disability, as defined in the Social Security Act, from August 8, 2016, through the date of this decision.

AR 17-21 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff raises two arguments. First, he argues that the ALJ erred in rejecting his testimony as to the severity of his symptoms. Second, he argues that the ALJ erred in rejecting the medical opinion of his treating physician's assistant, Jaymie Pearcy. I credit plaintiff's first argument and need not reach his second.

At the hearing before the ALJ, plaintiff testified that his average pain level was a five on a ten-point scale. AR 69. He described the pain radiating from his back as "pretty constant." *Id.* at

1    86. Daily tasks were slow going. Plaintiff stated that engaging in basic care for his dogs and
2    doing minimally exertive yard work was a time-consuming process. *Id.* at 75-77. He also
3    testified that he tried to avoid lifting heavier items, like cases of beverages, when he went grocery
4    shopping and instead left those items for his wife to collect. *Id.* at 79. He described his sleep as
5    "spotty at best" because of pain and noted that, in terms of continuous sleep, he likely only got
6    two hours at a time most nights. *Id.* at 84-85.
7        The ALJ determined that plaintiff's reported activities, which included performing self-
8    hygiene, laundry, cleaning, vacuuming, emptying the dishwasher, taking out the garbage, grocery
9    shopping, doing yard work, and driving, did not support his allegations of disabling symptoms.
10   AR at 19. In reaching this conclusion, the ALJ also noted that plaintiff was able to fish and hunt.
11   *Id.* Where, as here, a plaintiff's impairments could reasonably be expected to produce the
12   symptoms alleged, the ALJ can reject the plaintiff's testimony about the severity of their
13   symptoms only by offering "specific, clear and convincing reasons for doing so." *Garrison v.*
14   *Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (internal quotation marks omitted) (quoting
15   *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's reasons must have substantial
16   support in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Here, the ALJ fell
17   short of these standards.
18       It is settled law in this circuit that "the mere fact that a plaintiff has carried on certain daily
19   activities . . . does not in any way detract from her credibility as to her overall disability." *Orn v.*
20   *Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th
21   Cir. 2001)) (internal quotation marks omitted); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th
22   Cir. 1989) ("Many home activities are not easily transferable to . . . the more grueling
23   environment of the workplace, where it might be impossible to periodically rest or take
24   medication."). Plaintiff did testify that he could perform the aforementioned daily activities, but
25   that he did so slowly and conservatively. *See, e.g.*, AR at 78-79 (describing his ability to prune
26   the yard). Plaintiff emphasized that he relied heavily on assistance from his wife and was
27   uncomfortable undertaking certain activities if he was home alone. *Id.* at 77-79. The ALJ failed
28   to discuss these limitations and how they might impact the transferability of the activities to a

1   workplace setting. *See Orn*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th
2   Cir. 2005)) (internal quotations omitted) (holding that the ALJ must make "specific findings
3   relating to [the daily] activities and their transferability to a work setting to conclude that a
4   claimant's daily activities warrant an adverse credibility determination"). And plaintiff's ability
5   to perform these limited activities is not inconsistent with testimony about his pain and functional
6   limitations. *Cf. Garrison*, 759 F.3d at 1016 ("We have repeatedly warned that ALJs must be
7   especially cautious in concluding that daily activities are inconsistent with testimony about pain,
8   because impairments that would unquestionably preclude work and all the pressures of a
9   workplace environment will often be consistent with doing more than merely resting in bed all
10  day."). Finally, the ALJ's analysis of plaintiff's hunting and fishing hobbies was cursory at best.
11  The decision failed to mention or discuss that the hunting was undertaken pursuant to a disabled
12  person's hunting license and that plaintiff could not fish absent assistance from another
13  individual. AR 223, 374. The ALJ also failed to acknowledge that plaintiff emphasized the need
14  for "extended break[s]" during these activities. *Id.* at 223.

15  The decision's other rationale for rejecting plaintiff's subjective complaints, inconsistency
16  with the medical evidence, cannot support the decision alone. *See Bunnell v. Sullivan*, 947 F.2d
17  341, 345 (9th Cir. 1991) ("[O]nce the claimant produces objective medical evidence of an
18  underlying impairment, an adjudicator may not reject a claimant's subjective complaints based
19  solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.").
20  Thus, the only remaining question is whether to remand for additional proceedings or payment of
21  benefits. "The decision whether to remand a case for additional evidence, or simply to award
22  benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.
23  1987). A court should remand for further administrative proceedings, however, unless it
24  concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808
25  F.3d 403, 407 (9th Cir. 2016). I cannot say that additional proceedings would have no utility in
26  the present case. That the ALJ failed to provide sufficient reasons for discounting plaintiff's
27  subjective testimony based on his activities does not compel a finding that she will be unable to
28  do so in further proceedings.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 12, is granted.
2. The Commissioner's cross-motion for summary judgment, ECF No. 16, be denied.
3. The matter is remanded for further proceedings consistent with this order.
4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated: September 28, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE